UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AZUMAH GABRIEL, | : |
| Petitioner, | : Civil Action No. 17-424 (ES) |
| v. | : OPINION |
| ORLANDO RODRIGUEZ, | : |
| Respondent. | : |

**SALAS, DISTRICT JUDGE**

Petitioner Azumah Gabriel ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Elizabeth Contract Detention Facility in Elizabeth, New Jersey. On January 18, 2017, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention pending removal. (D.E. No. 1, Petition ("Pet")). For the reasons stated below, the Court will dismiss the Petition.

## I. BACKGROUND

Petitioner is a citizen and former resident of Ghana. (Pet at 5). He arrived in the United States at the San Ysidro, California Port of Entry on January 25, 2016, and sought admission. (*Id.*) Petitioner did not have a visa or other documents permitting his entry into the United States and he was taken into custody. (D.E. No. 7-1 ¶ 3). Because he claimed a fear of return to Ghana, Petitioner was referred for an interview with an asylum officer of the U.S. Citizenship and Immigration Services under 8 U.S.C. § 1225(b)(1)(A)(ii), (B). (*Id.* ¶¶ 4, 6). The asylum officer determined that Petitioner had a credible fear of persecution if returned to Ghana and he was issued

a Notice to Appear in proceedings under 8 U.S.C. § 1229(a) to pursue his application for relief from removal. (*Id.* ¶ 6; D.E. No. 7 at 1). On January 11, 2017, the Immigration Judge denied Petitioner's asylum application and ordered him removed to Ghana. (D.E. No. 7-1 ¶ 8). On June 9, 2017, after Petitioner filed the instant Petition, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal. (D.E. No. 7-2).

In his Petition, Petitioner argues that his prolonged pre-removal-order detention is a violation of his due process rights. (Pet. at 6-11). Petitioner appears to also argue that his detention is in violation of the post-removal-order statute (8 U.S.C. § 1231) and Supreme Court case law. (Pet. at 10).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The Court has subject matter jurisdiction over this Petition under § 2241, because Petitioner (1) was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 49-–95, 500 (1973); and (2) asserts that his detention is not statutorily authorized, *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *see also Chavez-Alvarez v. Warden*

York Cty. Prison, 783 F.3d 469, 475, 478 (3d Cir. 2015); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011).

**B. Analysis**

At the outset, the Court must determine under which statute Petitioner is currently detained. It appears that Petitioner was initially detained under 8 U.S.C. § 1225 because he was an arriving alien without valid entry documents. *See* § 1225(b)(2)(A). However, the basis for Petitioner's custody then shifted to 8 U.S.C. § 1231, the post-removal-order statute, on June 9, 2017, when the BIA dismissed his appeal and his removal order became final. *See* 8 C.F.R. § 1241.1(a) ("[a]n order of removal made by the immigration judge at the conclusion of proceedings . . . shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals").

"Post-removal-order" detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period." The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). During the removal period, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.

The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from

the United States." 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-order detention. *Id.* at 701. The Supreme Court held that, to state a claim under § 2241, the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. Specifically, the Supreme Court determined:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

Here, Petitioner became subject to a final order of removal on June 9, 2017, during the pendency of this matter, when the BIA dismissed his appeal. *See* 8 C.F.R. § 1241.1(a). As of that date, Petitioner's detention ended under 8 U.S.C. § 1225, and he is now detained under the post-removal-order detention statute, 8 U.S.C. § 1231. *See Singh v. Green*, No. 16-6739, 2017 WL 3741007, at *2 (D.N.J. Aug. 30, 2017) (citing 8 U.S.C. § 1231(a)(1)(B); *Leslie v. Att'y Gen.*, 578 F.3d 265, 268–70 (3d Cir. 2012) (§ 1231 governs the detention of aliens subject to a final order of removal not subject to a stay of removal)). However, Petitioner is still within the presumptively reasonable six-month period of post-removal immigration detention set forth in *Zadvydas*; that period does not expire until December 9, 2017. As such, Petitioner's challenge to his post-removal-order immigration detention is premature and will be dismissed *without prejudice*. *Accord Grossett v. Muller*, No. 13–0364, 2013 WL 6582944, at *3 (D.N.J. Dec. 13,

4

2013) (noting *Zadvydas* claim is premature if filed prior to expiration of six-month presumptively reasonable removal period); *Abdou v. Elwood*, No. 12-7720, 2013 WL 1405774, at *4 (D.N.J. Apr. 4, 2013) (same).

### III. CONCLUSION

For the foregoing reasons, the Petition is dismissed *without prejudice*. An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**
